# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# <u>NORTHEASTERN DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Case No.** |
| ) | |
| **COOGAN PRESTON** ) | |

## INFORMATION

The United States Attorney charges that:

### COUNT ONE
### Gratuity Received by a Public Official
### [18 U.S.C. § 201(c)(1)(B)]

1.  Between on or around February 24, 2018 and December 31, 2018, in Morgan County, within the Northern District of Alabama, the defendant,

**COOGAN PRESTON**,

being a public official, did directly and indirectly demand, seek, receive, accept, and agreed to receive United States currency, an all-terrain vehicle, and a pickup truck, in exchange for **COOGAN PRESTON** performing an official act, that is, directing federal subcontracts to a contractor's business and providing funding for such federal subcontracts, all in violation of Title 18, United States Code § 201(c)(1)(B).

## Count TWO
## Conspiracy to Commit Bribery of a Public Official
## [18 U.S.C. § 371]

2. Beginning in or around 2016 and continuing until on or about April 8, 2021, more specific dates unknown to the United States Attorney, in Lauderdale County and elsewhere, within the Northern District of Alabama, the defendant,

**COOGAN PRESTON**,

did conspire with others known and unknown to the United States Attorney to directly and indirectly corruptly give, offer and promise a thing of value to a public official, with intent to influence an official act and to induce such public official to do or omit to do an act in violation of the lawful duty of such official, that is, members of the conspiracy, did provide United States currency, in exchange for **COOGAN PRESTON** directing federal subcontracting opportunities and other employment opportunities to Company A and its employees, and directing funding for such federal subcontracting opportunities and employment opportunities to Company A and its employees, in violation of Title 18, United States Code, Section 201(b)(1).

### Object of the Conspiracy

3. It was the object of the conspiracy that the defendant, **COOGAN PRESTON**, and others known and unknown to the United States Attorney, would

unlawfully enrich themselves by engaging in a conspiracy to bribe a public official for the purpose of obtaining subcontracts.

## Manner and Means of the Conspiracy

4. In order to further the objects and goals of the conspiracy, **COOGAN PRESTON** and others, both known and unknown to the United States Attorney, used the following manner and means, among others:

5. Beginning in or around 2016 and continuing until 2019, employees associated with Company A and others, conspired to provide currency and other items of value to a **COOGAN PRESTON** in order to influence official acts.

6. On multiple occasions during the course of the conspiracy, a member of the conspiracy would and did issue checks from a corporate account made payable to "Cash." These checks were then negotiated by a member of the conspiracy and the proceeds were provided to **COOGAN PRESTON**.

**7.** In exchange for this currency or these items of value, **COOGAN PRESTON** would and did identify subcontracting opportunities for one or more of the members of the conspiracy and their companies. **COOGAN PRESTON** would and did convince the prime contractor associated with said subcontracting opportunities to provide subcontracting opportunities to members of the conspiracy and their companies.

## Overt Acts

8.  In furtherance of the conspiracy, certain overt acts were committed in the Northern District of Alabama and elsewhere, including that checks were negotiated on or about the following dates:

| Check No. | Date Written | Date Negotiated | "To" | Amount | Endorsed by |
|---|---|---|---|---|---|
| 1074 | 3/17/2017 | 4/19/2017 | Cash | $7,200.00 | Employee 1 |
| 1076 | 3/17/2017 | 4/25/2017 | Cash | $7,200.00 | Employee 1 |
| 1077 | 3/17/2017 | 5/1/2017 | Cash | $7,200.00 | Employee 1 |
| 1078 | 3/17/2017 | 5/11/2017 | Cash | $7,200.00 | Employee 1 |
| 1079 | 3/17/2017 | 5/2/2017 | Cash | $7,200.00 | Employee 1 |
| 1080 | 3/17/2017 | 5/19/2017 | Cash | $7,200.00 | Employee 1 |

9.  Beginning in or around 2016 and continuing until 2019, **COOGAN PRESTON** identified the following subcontract opportunities, among others, for members of the conspiracy and convinced the prime contractor associated with said subcontracting opportunities to provide subcontracting opportunities to members of the conspiracy and their companies:

- Contract number: W9113M-10-D-0003 – Task Order 1504
- Contract number: W9113M-10-D-0003 – Task Order 1604

All in violation of Title 18, United States Code, Section 371.

## Notice of Forfeiture
## [18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A), and 28 U.S.C. § 2461(c)]

10. The allegations contained in Count Two of this Information are re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

11. Upon conviction of the offenses in violation of Title 18, United States Code, Section 371 as set forth in Count Two of this Information, the defendant **COOGAN PRESTON**, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), any and all property constituting, or derived from, proceeds the defendants obtained directly or indirectly, as a result of the commission of said offenses, including but not limited to, a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

12. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

PRIM F. ESCALONA
United States Attorney


*/s/ Electronic Signature*
LLOYD C. PEEPLES
Assistant United States Attorney